parkiUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vinay B.,                                          No. 26-cv-894 (KMM/LIB)

      Petitioner,

v.

Markwayne Mullin,[1] et al.,                       **ORDER**

      Respondents.

This matter is before the Court on Petitioner Vinay B.'s Petition for a Writ of Habeas Corpus and request for attorney's fees under the Equal Access to Justice Act (EAJA). (Dkts. 1, 5.) For the reasons discussed below, the Court dismisses the habeas petition as moot and declines to award attorney's fees.

## BACKGROUND

On January 8, 2026, Vinay B. was arrested and detained by federal immigration authorities. (Dkt. 1 ¶ 2.) On January 30, 2026, he filed a Petition for a Writ of Habeas Corpus alleging that his detention was unlawful because he held valid nonimmigrant H-1B status and that there was no legal basis for his detention.[2] (*See id.* ¶ 1.) That same day, the

---

[1] Under Rule 25(d) of the Federal Rules of Civil Procedure, current U.S. Secretary of Homeland Security Markwayne Mullin has been automatically substituted as a defendant for Kristi Noem.

[2] Attached to the habeas petition was Vinay B.'s I-797A Approval Notice, indicating that his H-1B status was valid through June 29, 2025, and a filing receipt dated June 25, 2025, showing that Petitioner had applied "to renew his H-1B status and transfer to a new company" prior to the expiration of his I-94 work authorization. (Dkt. 1 ¶ 4; *see* Dkts. 1-1,

Court issued an Order to Show Cause requiring Respondents to file an answer to the Petition "certifying the true cause and proper duration of Petitioner's confinement and showing cause why the writ should not be granted in this case." (Dkt. 3 ¶ 1.)

On February 1, 2026, Immigration and Customs Enforcement (ICE) voluntarily released Petitioner after "updat[ing] its systems to reflect" his valid H-1B status. (Dkt. 8 at 2; *see also* Dkt. 9 ¶ 11.) In their Answer, Respondents claimed that Vinay B.'s habeas petition had become moot because of his intervening release. (Dkt. 4 at 1.) According to Respondents, Petitioner's counsel "confirmed release[] but would not agree to dismiss the petition unless the government paid Petitioner's attorneys' fees." (*Id.*) Respondents argue that an award of fees under the EAJA would be improper for several reasons: (1) Petitioner did not qualify as a "prevailing party," as required by the EAJA; (2) "any award of monetary reimbursement or compensation would be well outside the scope of relief available in habeas corpus actions"; and (3) the action was moot. (*Id.*) After Petitioner filed his Reply, maintaining that the action was not moot and that he was entitled to EAJA fees, the Court granted Respondents' Motion for Leave to File a Surreply, which was filed on February 27, 2026. (Dkt. 6 (Motion); Dkt. 7 (Order); Dkt. 8 (Surreply).)

On March 6, 2026, the Court ordered supplemental briefing on whether an award of attorney's fees under the EAJA is appropriate in this case. (Dkt. 10.) Specifically, the Court ordered Respondents to address "whether: (1) the Court can grant such fees; (2) Petitioner is a prevailing party; and (3) Respondents' position is substantially justified." (*Id.*)

---

1-2.) Respondents maintain that Petitioner's description of the application as one to "renew . . . status" is incorrect, but that dispute is immaterial here. (Dkt. 9 ¶ 10)

Respondents timely filed their supplemental brief, and Petitioner filed a response. (Dkts. 11–12.)

## DISCUSSION

The two issues before the Court are (1) whether Vinay B.'s habeas petition is moot in light of his release; and (2) whether he is entitled to attorney's fees under the EAJA in connection with litigating this action.

### I.    Mootness

Article III of the United States Constitution limits the jurisdiction of the federal courts "to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quotation omitted). "When, during the course of litigation, the issues presented in a case 'lose their life because of . . . a change in circumstances and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* at 723–24 (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (cleaned up). If a case is moot, it must be dismissed for lack of jurisdiction. *See id.* at 724 (citing *Powell v. McCormack*, 395 U.S. 486, 496 n.7 (1969)). In a habeas case, the petitioner's release from custody generally renders the case moot, "unless he can show that a writ of habeas corpus would still provide him some benefit." *Woodard v. Fondren*, No. 08-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)) (adopting report and recommendation).

Here, Vinay B. petitioned for his release, which happened almost immediately. Therefore, his habeas petition is moot. *Ali*, 419 F.3d at 724 ("With [Petitioner's] . . . release, [he] arguably received the relief he requested."). The Court is unpersuaded by

Petitioner's argument that the voluntary-cessation exception to mootness applies because there is "a reasonable expectation that he may be subjected to the same unlawful detention of a duration that is too short to fully litigate." (Dkt. 5 at 2.) Indeed, Respondents agree that Petitioner has valid immigration status and corrected their systems accordingly, and they cannot reasonably be expected to re-detain Vinay B. on the same basis. And even if Vinay B. was detained again, "the situation would present a different set of facts and circumstances" that he can challenge by bringing a new habeas petition. *MacDermott v. Rardin*, No. 25-05 (JRT/DLM), 2025 WL 3539199, at *3 (D. Minn. Dec. 10, 2025). The pending habeas petition is dismissed as moot.

## II.      Attorney's Fees Under the EAJA

The EAJA provides that a prevailing party shall recover attorney's fees in litigation brought against the United States,[3] "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Here, Petitioner concedes that if his habeas petition is moot, he is not a "prevailing party" under the statute and would therefore be ineligible for EAJA fees. (Dkt. 12 at 2–3.) Given the Court's conclusion that Vinay B.'s Petition is moot in light of his release, the Court therefore declines to award attorney's fees under the EAJA.

---

[3] In this context, "'United States' includes any agency and any official of the United States acting in his or her official capacity[.]" 28 U.S.C. § 2412(d)(2)(C).

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Petitioner Vinay B.'s Petition for a Writ of Habeas Corpus (Dkt. 1) is **DISMISSED as moot**, and his request for attorney's fees under the EAJA is **DENIED**.

**Let judgment be entered accordingly.**

Date: June 9, 2026                                   *s/Katherine M. Menendez*
                                                     Katherine M. Menendez
                                                     United States District Judge